<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4656**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TERRENCE D. MCLAMORE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:09-cr-00288-MJP-1)

———————

Submitted: May 19, 2011        Decided: June 2, 2011

———————

Before NIEMEYER, KEENAN, and WYNN Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy Ward Murphy, KOLB & MURPHY, Attorneys at Law, LLC, Sumter, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina; Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence D. McLamore pleaded guilty, pursuant to a plea agreement, to one count of possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). The district court sentenced McLamore to fifteen years in prison and five years of supervised release, and imposed a $100 special assessment. We affirm.

On appeal, McLamore's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he could find no meritorious issues for appeal. Counsel calls our attention to whether the district court fully complied with the dictates of Fed. R. Crim. P. 11 in taking McLamore's guilty plea as well as whether the sentence imposed was reasonable.

Because McLamore did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [McLamore] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if McLamore satisfies these requirements, "correction of the error remains within [the Court's] discretion, which [the Court] should not

2

exercise . . . unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). Our review of the plea hearing transcript reveals no errors warranting reversal of McLamore's conviction.

We review McLamore's sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). McLamore received the minimum sentence mandated by statute. Thus, his sentence was per se reasonable and we find no abuse of the district court's discretion. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Although McLamore did not file a pro se supplemental brief, we have reviewed the substantive allegations he set forth in a pro se letter to this court. We find none of his contentions meritorious.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm McLamore's conviction and sentence. This court requires that counsel inform McLamore, in writing, of the right to petition the Supreme Court of the United States for further review. If McLamore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on McLamore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4